# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1836 | **DATE** | Nov. 8, 2002 |
| **CASE TITLE** | Aaron Transfer  v  Bekins Van Lines, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiffs' motion to strike counts III and IV of defendant's counterclaim is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 1 2 2002 date docketed | |
| | Notified counsel by telephone. | | | 20 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 NOV -8 PM 4:06 | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AARON TRANSFER AND STORAGE, INC., )
and AARON RELOCATION SYSTEMS, INC., )
)
Plaintiffs, )
) No. 02 C 1836
v. )
) Judge Robert W. Gettleman
BEKINS VAN LINES, INC., )
)
Defendant. )

DOCKETED
NOV 1 2 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs Aaron Transfer & Storage, Inc. ("Aaron Transfer") and Aaron Relocation Systems, Inc. ("Aaron Relocation"), which are engaged in the moving and storage business, filed the instant lawsuit against Bekins Van Lines, Inc., seeking accounting and breach of contract damages arising from "agency" agreements entered into by the parties in September 1999. According to these agreements, which are identical in all material respects, Aaron Transfer and Aaron Relocation each agreed to act as a "full service agent" on behalf of defendant, an authorized motor carrier engaged in the transportation of household goods. In addition, each of the agreements recognizes a "fiduciary relationship" between the plaintiff and defendant and includes provisions prohibiting plaintiffs from representing other carriers that are in competition with defendant.

In its answer to plaintiffs' recently amended complaint, defendant filed a four-count counterclaim for breach of contract against plaintiffs. Plaintiffs have filed a motion to strike Counts III and IV, arguing that those counts are (1) barred by the "economic loss" doctrine, and

(2) fail to state a claim for breach of fiduciary duty. For the reasons stated below, plaintiffs' motion is denied.

## DISCUSSION

At the outset, it is useful to outline the contours of defendant's four-count counterclaim. In Count I, titled "Breach of Contract Aaron Transfer," defendant alleges that "[a]s a result of its refusal to promptly remit all of the monies due Bekins pursuant to the Agency Agreement and Addendum and as identified in Aaron Transfer's Account Statement, Aaron Transfer has breached its contracts with Bekins." Count I seeks $95,217.13 in damages. In Count III, which is similarly titled "Breach of Contract Aaron Transfer," defendant alleges that:

> By failing to promptly remit the funds due Bekins, by obtaining U.S.D.O.T. operating authority without the express written consent of Bekins, and by competing against Bekins in the transportation of household goods in interstate commerce to divert business from Bekins, all in violation of its Agency Agreement and its fiduciary duties to Bekins, Aaron Transfer has breached its contracts with Bekins.

Like Count I, Count III seeks $95,217.13 in damages against Aaron Transfer. The substantive allegations of Counts II and IV, both of which are titled "Breach of Contract Aaron Relocation," are essentially identical to Counts I and III, respectively. Moreover, defendant requests $225,149.02 in damages from Aaron Relocation in both Counts II and IV.

In the instant motion, plaintiffs characterize Counts III and IV of defendant's counterclaim as claims for breach of fiduciary duty that are barred by the "economic loss" doctrine under Illinois law.[1] The economic loss doctrine provides that purely economic losses

---

[1] The parties do not dispute that the contracts at issue in the instant dispute are governed by Illinois law.

2

may not generally be recovered in tort actions.[2] <u>Moorman Mfg. Co. v. National Tank Co.</u>, 91 Ill.2d 69 (1982). In <u>Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.</u>, 159 Ill.2d 137, 159-160 (1994), the Illinois Supreme Court articulated the rationale of the economic loss doctrine:

> Contract law serves a vital commercial function by providing sellers and buyers with the ability to define the terms of their agreements with certainty prior to a transaction. Where the duty of a seller has traditionally been defined by contract, therefore, <u>Moorman</u> dictates that the theory of recovery should be limited to contract although recovery in tort would be available under traditional tort theories.

Looking at the plain language of defendant's counterclaim in the instant case, the court concludes that because Counts III and IV sound in contract, not tort, the economic loss doctrine does not bar recovery. Indeed, Counts III and IV explicitly reference numerous provisions of the "agency agreement" that were purportedly breached by plaintiffs, indicating that defendant essentially is seeking contract damages from plaintiffs in Counts III and IV.[3]

Moreover, to the extent that defendant is asserting counterclaims on the basis of breach of fiduciary duty, rather than contract, such claims would not be barred by the economic loss doctrine. As noted above, the economic loss doctrine prohibits recovery on the basis of tort law only. In Illinois, claims for breach of fiduciary duty are rooted in the substantive laws of agency,

---

[2] Although there are three exceptions to the economic loss doctrine, none of them applies to the instant dispute.

[3] It is worth noting that the court finds Counts III and IV to be somewhat duplicative of Counts I and II, which seek the exact same amount of damages on essentially the same basis of recovery, breach of contract. Indeed, aside from the recitation of particular contract provisions that were breached by plaintiffs in Counts III and IV, including language in the contracts describing the parties as being in a "fiduciary relationship," the court is at a loss to distinguish these counts from Counts I and II.

3

contract and equity, rather than tort. See St. Paul Fire & Marine Ins. Co. v. Great Lakes Turnings, Ltd., 774 F. Supp. 485, 488 (N.D. Ill. 1991), citing Kinzer v. City of Chicago, 128 Ill.2d 437, 445 (1989). Consequently, even if Counts III and IV were construed as claims for breach of fiduciary duty, those counts would not be barred by the economic loss doctrine. See Illinois Constr. Corp. v. Morency & Assocs., Inc., 802 F. Supp. 185, 188 (N.D. Ill. 1992) (Moorman doctrine inapplicable to claims based on agency and contract theory); St. Paul Fire & Marine Ins. Co., 774 F. Supp. at 490 (fiduciary duty claims not barred by Moorman doctrine).

Plaintiffs maintain that, even assuming Counts III and IV are not barred by the economic loss doctrine, "Bekins cannot claim that either plaintiff's conduct amounts to a breach of fiduciary duty without alleging specific facts other than a recitation in a contract of a fiduciary duty. It must show by affirmative allegations that special circumstances are present." As support for this proposition, plaintiffs cite to Citicorp Sav. of Illinois v. Rucker, 295 Ill. App. 3d 801, 809 (1st Dist. 1998). The court finds that a close reading of Rucker defeats plaintiffs' argument, however.

In Rucker, the court recognized that once an agency relationship is found, a fiduciary relationship arises as a matter of law. Id., citing Letsos v. Century 21-New West Realty, 285 Ill. App. 3d 1056 (1996). See also Faith Freight Forwarding Corp. v. Ruiz, No. 95C7560, 1997 WL 159207, at *7 (N.D. ILL. March 24, 1997); Kohler v. Hindman, No. 93C6170, 1994 WL 233801, at *4 (N.D. ILL. May 20, 1994). Moreover, the Rucker court noted that questions of agency are not ordinarily matters of law to be determined from the pleadings; rather, "the existence and scope of an agency relationship are factual questions under Illinois law and are to be determined by the trier of fact." Id. at 809.

4

The Rucker court ultimately decided that the mortgagor in that case had failed to adequately allege an agency relationship between itself and the mortgagee, such that a fiduciary relationship did not exist. It is worth emphasizing, however, that the court's conclusion in Rucker was based in large part on the "generally held view that a mortgagee is not the agent of the mortgagor, notwithstanding the mortgagee's ability to affect the legal relations of the mortgagor." Id. at 810.

The relationship alleged in the instant suit, in contrast, is a prototypical agent/principal agreement, in which the agent is acting on behalf of the principal and holding itself out as the principal's representative. Indeed, in contrast to Rucker, the agreement between the parties in the instant case is titled "Agency Agreement," provides that "the relationship created hereby is one of principal/agent," and is replete with references to "agent[s]" and "fiduciary relationship[s]." Thus, the court concludes that defendant has adequately alleged the basis of a fiduciary relationship sufficient to withstand a Rule 12(b)(6) motion.

## CONCLUSION

For the reasons stated herein, plaintiffs' motion to strike Counts III and IV of defendant's counterclaim is denied.

**ENTER:** **November 8, 2002**

**Robert W. Gettleman**
**United States District Judge**